## UNAUTHORIZED PRACTICE OF LAW IN LUCAS COUNTY, In re: BAILEY, Appellant.

Ohio Appeals, Sixth District, Lucas County.

No. 4862. Decided January 30, 1956.

Morton Neipp, Robert B. Gosline, John R. Eastman, Robert F. Ebinger, for appellant.

A. R. Simmons, Harry Hood, Benjamin B. Durfee, Jr., Merritt W. Green, for committee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Lucas County, enjoining the appellant, Nelson S. Bailey, from performing certain acts and services as the representative of certain persons or firms as employers, on the ground that such acts and services constituted the unauthorized practice of law.

The case is before this court for a review upon a transcript of the record and proceedings in the Court of Common Pleas, a bill of exceptions, briefs and oral argument of counsel for the parties respectively.

The proceeding was instituted in the Court of Common Pleas following the appointment by that court of a committee, consisting of a number of attorneys, as officers of the court for the purpose of making inquiry into the unauthorized practice of law in Lucas County, Ohio.

Following their appointment, the committee entered upon an extensive investigation in reference to the acts and services performed by the appellant, as the representative of certain persons and firms in proceedings involving claims being made by persons for state unemployment compensation, before a referee and other acts and services by appellant in connection with such claims before the Ohio Bureau of Unemployment Compensation and Board of Review, as a result of which a very voluminous amount of testimony and evidence is presented in the bill of exceptions, now before the court.

It appears in the record that at the conclusion of the hearing in the Court of Common Pleas, the trial judge made a finding as conclusions of fact separately from conclusions of law and found and determined that appellant should be enjoined from the performance of those acts and services as found and stated by the court, for the reason that same constituted the unauthorized practice of law, and appellant was therefore enjoined permanently from performing such acts and services, as the representative of persons or firms, from which judgment the appeal now before this court was taken.

This court finds that the conclusions of fact as found by the trial court are fully supported by competent evidence contained in the record and that the acts and services as found constituted the unauthorized practice of law, and therefore hold that the judgment of the Court of Common Pleas should be affirmed.

Counsel for the appellant have directed the attention of this court and contended in effect that the law of the State governing proceedings by claimants before the Bureau of Unemployment Compensation has been amended in such a way so that the acts and services performed by the appellant do not now constitute the unauthorized practice of law as defined by the Supreme Court of this State.

We find that §4141.28 R. C., which provides for and governs the procedure for the presenting and making of claims for unemployment compensation was amended during the pendency of these proceedings and that certain changes were made respecting the manner in which the claim shall be heard and the record shall be prepared for hearing upon appeal, and it is also noted that no provision is made in the law as amended that same shall have a retroactive effect or that it shall in any wise control the determination of pending cases. We therefore hold, in accord with §1.20 R. C. (§26 GC), governing the retroactive effect of legislation, that this court is without jurisdiction and we do not undertake to make an application of the law as amended to the evidence contained in the record now before this court, in a determination of this appeal.

Therefore, as indicated above, the judgment of the Court of Common Pleas is affirmed and the cause is remanded to that court for further proceedings according to law.

CONN, DEEDS and FESS, JJ, concur.